UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BURTON CANFIELD, JR.,

        Plaintiff,                         Case No. 2:15-cv-10195
                                             Magistrate Judge Anthony P. Patti

v.

COMMISSIONER OF
SOCIAL SECURITY,

        Defendant.

_____/

**<u>OPINION AND ORDER GRANTING PLAINTIFF'S MOTION TO
REMAND PURSUANT TO SENTENCE FOUR (DE 15) AND DENYING
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (DE 16)</u>**

I.      **BACKGROUND**

Plaintiff, Burton Canfield, Jr., brings this action under 42 U.S.C. §§405(g) and 1383(c)(3) for  review of a final decision of the Commissioner of Social Security  ("Commissioner") denying his application for disability insurance benefits.  On March 12, 2012, Plaintiff protectively filed an application for disability insurance benefits, alleging that he has been disabled since February 3, 2012.  (R. at 19.)  Plaintiff's application was denied and he sought a *de novo* hearing before an Administrative Law Judge ("ALJ").  ALJ James Kent held a hearing on August 6, 2013 and subsequently determined that Plaintiff was not disabled within the meaning of the Social Security Act.  (R. at 19-58.)  On

November 25, 2014, the Appeals Council denied Plaintiff's request for review. (R.

at 1-4.) ALJ Kent's decision became the Commissioner's final decision. Plaintiff

then timely commenced the instant action.

## II.   THE INSTANT MOTIONS

In his motion for remand, Plaintiff asserts that ALJ Kent committed

reversible error by violating the treating source rule, 20 C.F.R. §404.1527(c)(2)

and S.S.R. 96-8p. (DE 15.) Specifically, Plaintiff argues that the ALJ failed to

provide good reasons for discounting the March 11, 2013 opinion of his treating

physician, Dr. Wiggins.[1] The Commissioner opposes the motion and has filed a

motion for summary judgment, noting that substantial evidence supports the ALJ's

decision.

The parties have consented to my authority. (DE 14.) A hearing was held

on January 7, 2016, at which Plaintiff's counsel (Lewis M. Seward) Defendant's

counsel (AUSA Sean Santen) appeared by telephone. Having considered the

motion papers and oral arguments of counsel for the parties and for the reasons

stated on the record, Plaintiff's motion is **GRANTED**, Defendant's motion is

**DENIED**, and the matter is **REMANDED** to the Commissioner and the ALJ for

---

[1] Although Plaintiff initially challenged the ALJ's treatment of several of Dr. Wiggins' opinions, after receiving the Commissioner's response and participating in oral argument Plaintiff significantly narrowed the focus of his appeal in his reply brief (DE 17 at 2) and yet further at the hearing, and agreed that the only issue remaining was Dr. Wiggins' opinion dated March 11, 2013. (R. at 289-292.)

rehearing under Sentence Four of § 405(g) for further consideration consistent with

the following:

1. ALJ Kent assigned "little weight" to Dr. Wiggins' March 11, 2013 opinion

   because he found it inconsistent with Dr. Wiggins' clinical findings, other

   medical evidence of record, and the claimant's testimony, specifically, his

   "testimony that he had no difficulty with foot controls or gross

   manipulation."   (R. at 29, 41-42.)  On remand, if the ALJ makes the same

   conclusion, he or she must explain, specify, and identify the inconsistencies

   he or she finds with respect to: 1) Dr. Wiggins' clinical findings; 2) other

   medical evidence in the record; and 3) Plaintiff's testimony regarding his

   ability to push and pull.

2. If the ALJ does not give Dr. Wiggins' opinion controlling weight, he or she

   must  address the length of the treatment relationship between Dr. Wiggins

   and Plaintiff, as well as the nature and extent of the treatment relationship, in

   accordance with 20 C.F.R. § 1527(c)(2)(i)-(ii),

3. ALJ Kent found Plaintiff's complaints of disabling pain to be less than

   credible, in part because he had "not generally received the type of medical

   treatment one would expect for a totally disabled individual," specifically

   noting that all of Plaintiff's care "has been rendered by his primary care

   physician," Dr. Wiggins.  (R. at 27.)  However, the record is replete with

3

evidence that Plaintiff lacked insurance during the relevant period and was "self-pay" with Dr. Wiggins. (*See* R. at 217 ("When he gets insurance we'll discuss other possibilities such as a neurosurgery consult . . ."), R. at 276 ("he has no insurance and cannot afford an MRI"), and R. at 205, 208, 210, and 212, where it is noted that he is "self pay")). On remand, the ALJ must explain and re-assess any discounting of Plaintiff's credibility on the basis that he failed to seek specialized treatment in light of his well-documented lack of insurance

4. Similarly, the ALJ must explain whether he or she has discounted Dr. Wiggins' opinion because Dr. Wiggins is not a specialist, and, if so, assess that factor in light of Plaintiff's lack of insurance.

5. ALJ Kent did not address the fact that Dr. Wiggins' March 11, 2013 opinion was made after Plaintiff's date last insured ("DLI") of December 31, 2012. Nor did Dr. Wiggins indicate that the opinion related back to the relevant period. Upon questioning at the hearing, Defendant conceded that, on remand, the ALJ could possibly find that the opinion related back to the relevant time period. The Court agrees and concludes that the weighing of Dr. Wiggins' opinion and fact-finding with respect to the DLI is a task reserved to the ALJ. Accordingly, on remand the ALJ must further evaluate Dr. Wiggins' March 11, 2013 opinion in light of Plaintiff's DLI of

December 31, 2012 and determine whether it relates back to the relevant period.

III.   **CONCLUSION**

Due to the errors stated on the record and outlined in part above, and in order for this Court to have an appellate record which would "permit meaningful review of the ALJ's application of the [treating physician] rule," *Wilson v. Commissioner of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004), Plaintiff is entitled to an order remanding this case to the Social Security Administration pursuant to Sentence Four of 42 U.S.C. §405(g).  Accordingly, Plaintiff's motion for remand is **GRANTED** and Defendant's motion for summary judgment is **DENIED**.

   **IT IS SO ORDERED.**


Dated: January 11, 2016          s/Anthony P. Patti
                                 Anthony P. Patti
                                 UNITED STATES MAGISTRATE JUDGE

I hereby certify that a copy of the foregoing document was sent to parties of record on January 11, 2016, electronically and/or by U.S. Mail.

                                 s/Michael Williams
                                 Case Manager for the
                                 Honorable Anthony P. Patti